## MAYOR, &c. OF N. Y. v. DIMICK.

*N. Y. Supreme Court, First District, Special Term; November,* 1887.

1. *Joint negligence; unsafe street; property owner's liability to indemnify city against judgment recovered by person injured.*] A municipal corporation may maintain an action against a property owner for damages sustained by reason of being compelled to pay a judgment recovered against it for an injury caused by the defective condition of the street, such defect being due to the negligence of the property owner.

2. *The same; sufficiency of complaint on demurrer.*] A complaint by the city against the property owner, alleging that the person injured commenced an action against the plaintiff, and recovered a judgment; and that the injuries for which the judgment was obtained were caused by the negligent act of the defendant, is sufficient on demurrer although it does not allege all the facts which would justify a recovery by the person injured against the city,—such as notice to the city of the defect.*

Demurrer to the complaint for insufficiency.

The complaint alleged that the defendant had negli-

* The question of the effect of the former judgment as evidence is or may be a quite different question. See City of Cohoes v. Morrison, 42 *Hun*, 216.

The former judgment may be conclusive in its own favor in the second action, so far as it establishes the liability of the city, but it does not necessarily conclusively establish the liability of the present defendant, although he had notice to defend.

gently allowed a conductor pipe on a house owned and managed by him to become and remain out of repair, so that the water, gathered therein, was poured upon the sidewalk, both from the spout and leaks in that part of the pipe which was attached to the house; that in February, 1885, the water, so poured upon the walk, became frozen and rendered the highway uneven and dangerous; that by reason of the unsafe condition of the walk, one Koerner suffered injuries, for which he recovered damages from the city in a suit brought in the supreme court; that the city incurred certain expenses in the defense of said action; that payment of the judgment and expenses was demanded, but refused; and the relief demanded was for the amount of the said judgment and the amount expended by the city in said action.

The defendent demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action.

*Thomas P. Wickes*, assistant corporation counsel, for the plaintiff.—I. It was not necessary that Dimick should have had notice of the Koerner suit (Village of Port Jervis v. First National Bank, 96 *N. Y.* 550, 556; aff'g 31 *Hun*, 107).

II. The demurrers to complaints in similar cases brought by the city have been uniformly overruled. (Mayor, &c. of N. Y. v. Bookman; Mayor, &c. of N. Y. v. Noe).[*]

*J. Hampden Dougherty* (*Smith & Dougherty*, attorneys), for the defendant.

INGRAHAM, J.—The facts alleged in the complaint and admitted by the demurrer establish that the defendant maintained a nuisance in the public street of the city of New York, and that, in consequence of such wrongful act,

---

[*] Reported in note at the end of this case.

plaintiff sustained damage by being compelled to pay a judgment recovered against it by one Koerner, and for the amount of such damages the complaint demands judgment.

In Village of Port Jervis *v.* First National Bank (96 *N. Y.* 550, 555; aff'g 31 *Hun,* 107), it was held, that "this liability grows out of the affirmative act of the defendant, and renders him liable not only to the party injured, but also mediately liable to any party who has been damnified by his neglect. Liability in such case is predicated upon the negligent character of the act which caused the injury, and the general principle of law which makes a party responsible for the consequences of his wrongful conduct."

The foundation of the liability, therefore, depends upon the wrongful act of the defendant. If in consequence of his negligence the street became unsafe, he would be responsible to any person injured, whether the city had notice of the unsafe condition of the street or not. The plaintiff stands in the position of having been compelled to pay the damages caused by the wrongful act of the defendant; and, having been compelled to pay such damages, it asks to recover from the person whose wrongful act caused the injury the amount that it has been compelled to pay; and the wrongdoer cannot complain because the complaint does not allege all the facts that would justify a recovery against the plaintiff, so long as the complaint alleges the facts that show that the defendant is liable for the injuries for which the plaintiff was made liable.

The allegation that the person injured commenced an action against the defendant and recovered a judgment, and that the injuries for which the judgment was obtained were caused by the negligent act of the defendant, is sufficient.

Plaintiff should, therefore, have judgment on the demurrer, with costs, with leave to the defendant to with-

draw the demurrer and answer within twenty days on payment of costs.*

*In MAYOR, &c. OF N. Y. v. BOOKMAN    (*N. Y. Common Pleas, Special Term; November,* 1884), a demurrer for insufficiency was overruled, where the complaint showed that defendant was the owner of a wooden awning in front of his premises; that said awning became dangerous, and its removal was ordered by a judgment of the ninth district court; that defendant neglected to remove the same, and thereafter one Kalbrier was injured by the falling of one of the crossbeams of said awning, for which injury he recovered judgment against the city, plaintiff; that defendant, prior to the trial, had received notice requiring him to defend Kalbrier's suit, and that thereafter payment of the amount of Kalbrier's judgment was demanded of said defendant, but that he refused and neglected to pay the same. The judgment was made a part of the complaint.

*Charles Blandy,* assistant corporation counsel, for the plaintiff.

*Geo. H. Yeaman,* for the defendant.

VAN HOESEN, J.—The demurrer must be overruled.

The city of New York was *in delicto,* but not *in pari delicto* with the defendant.

Without discussing the question as *res nova,* I think that the defendant's liability to the city is established by the following, among many authorities: *Sherman & Redfield on Negligence,* § 143; Mayor, &c. of Troy v. Troy & Lans. R. R. Co;* MS.    Opinion, Ct. of App., April

---

* Reported, without the opinion, in 49 *N. Y.* 657; affig 3 *Lans.* 670. The points decided in the MS. opinion are stated in the head-note as follows:

By the acceptance by a railroad corporation of a license from a municipal corporation to lay and operate its tracks in the the streets of the latter, the terms and conditions upon which the license is granted become a contract between the parties.

A reservation of power on the part of the municipal corporation to revoke the license in case of failure to comply with the terms, does not affect the liability of the railroad corporation while operating its road under the license.

Where a judgment is obtained against a city in an action brought to recover damages for injuries sustained, in consequence of a failure of a railroad corporation to comply with its contract to keep that portion of the street occupied by its track in good repair and safe for travel, and where the latter has notice of the action and an opportunity to defend, the record of the judgment is competent evidence in an action against it brought by the city, and is conclusive as to its liability and as to the amount the city is entitled to recover.

3. *The same; second return.*] After the inspectors have, on the day of election, made two proper statements, and have separated, and have

8, 1872, mentioned in City of Brooklyn *v.* Brooklyn City R. R. Co., 47 *N. Y.* 475 ; City of Rochester *v.* Montgomery, 72 *N. Y.* 65; Village of Port Jervis *v.* First Nat'l Bank, 96 *N. Y.* 550, 555.

Demurrer overruled, with leave to answer on payment of usual costs.

