ANNA BAKER, Respondent, v. JNO. LUMPEE, Jr., Executor, Appellant.

**Kansas City Court of Appeals, January 20, 1902.**

Administration: DISTRIBUTION: NOTICE: CORAM NON JUDICE: STATUTE. An order of distribution made after final settlement is *coram non judice* unless the distributees have been served with notice of the intended order of distribution ten days prior thereto, as required by section 243, Revised Statutes 1899.

Appeal from Morgan Circuit Court.—*Hon. T. B. Robinson,* Judge.

REVERSED AND REMANDED *(with directions).*

*Forman & Neville* for appellant.

(1) No notice given to the parties in interest that an order of distribution would be made and none of the parties in interest applied for such distribution. Parties interested must be notified before final order of distribution is made. Sec. 243 and 244, R. S. 1899; Woerner on Administration, p. 1229. (2) An order of distribution is void as against distributees who were not legally notified before making said order as required by sections 243 and 244, Revised Statutes 1899. Lilly v. Menke, 126 Mo. 220. (3) The order or judgment is not merely irregular but void. An irregular judgment is one rendered contrary to the course of law and the practice of the courts. An irregularity is defined to be "the want of adherence to some prescribed rule or mode of proceeding." Orvis v. Elliott, 65 Mo. App. 100. (4) The court has no jurisdiction over the parties in making said order. Jurisdiction may be defined to be the right to adjudicate con-

cerning the subject-matter in a given case. To constitute this there are three essentials: first, the court must have cognizance of the class of cases to which the one adjudged belongs; second, the proper parties must be present; third, the point decided must be, in substance and effect within the issue. Hope v. Blair, 105 Mo. 93; Pratt v. Canfield, 67 Mo. 48; Holzhour v. Meer, 59 Mo. 434; James & Ray ex parte, 59 Mo. 280.

*H. M. Washburn* and *Durall & Durall* for respondent.

(1) Orders of distribution are final judgments and impervious to attack in a collateral way and subject to impeachment in a direct proceeding for that purpose only for defects apparent upon the face of the record. Covington v. Chamblin, 156 Mo. 574; Camden v. Plain, 91 Mo. 117; Rowden v. Brown, 91 Mo. 429; Price v. Association, 101 Mo. 107; Sherwood v. Baker, 105 Mo. 472; Macey v. Stark, 116 Mo. 481; Rogers v. Johnson, 125 Mo. 202. (2) Admitting, for the sake of argument, that this judgment can be attacked in a collateral proceeding, the record of the probate court shows that John Lumpee, Jr., presented his accounts and vouchers for final settlement, "first having filed notice of final settlement as such executor, published according to law." This certainly gives the court jurisdiction not only of the subject-matter, but of the parties, especially in view of the fact that nothing appears affirmatively on the record to show that the parties did not have notice. Stearns v. Wright, 83 N. W. 587. (3) An order of distribution is conclusive to all the defendants. State ex rel. v. Babb, 77 Mo. App. 277; Rottman v. Smucker, 94 Mo. 144; Price v. Johnson, 15 Mo. 433; Bartling v. Jamison, 44 Mo. 141; McCabe v. Lewis, 76 Mo. 296; State ex rel v. Gray, 106 Mo. 529; Patterson v. Booth, 103 Mo. 402. (4) It is contended by appellant

that by the provisions of section 243, Revised Statutes 1899, persons entitled to distribution, not applying therefor, shall be notified in writing. This section does provide that "persons entitled to distribution or partition, not applying therefor, shall be notified, in writing, of such application, ten days before any such order shall be made." But it will be seen, not only by reading this section, but by the letters "id" immediately after the figures 243, as well as section 244, that they apply and are a part of section 242 which applies only to cases where personal property descends to the heirs by will, and in such cases the distributees must be notified of the partition, or if it can not be partitioned, then it must be sold and the proceeds distributed, in which event notice must be given, and this partition or distribution must be made by first applying to the court thereof, and it is of the application that the parties must have ten days notice. No such state of facts exists in the case at bar. All personal property descended to the personal representatives and not to the heirs, and was sold, and notice of final settlement was published according to law. Distribution was ordered by the court under the provisions of section 240.

BROADDUS, J.—At the May term, 1899, of the probate court of Morgan county, the defendant as the executor of the will of John Lumpee made final settlement of the estate of his testator at which time it was found that there was in his hands as such executor the sum of $2,780.80. The distributees were six in number of which the plaintiff was one. After approving the final settlement the court made an order of distribution to each one of said distributees for $463.34.

On the twenty-ninth day of December, 1899, on the application of the plaintiff, the said court issued an execution against the defendant executor, for her share under said order of distribution. At the February term of said court for 1900, the defendant moved the court to quash said execution and

assigned among other grounds, that the order of distribution aforesaid was void; and that the distributees were not notified of the proceeding. This motion was overruled by the probate court, from which action of the court, the defendant appealed to the circuit court when his motion was again overruled, from which judgment of the circuit court he has appealed to this court.

Much has been said by the respondent about the conclusiveness of the final judgments of probate courts, which no one is prepared to dispute, provided the courts in which these judgments are rendered were acting within the rules of their jurisdiction. There is no doubt but what the court in the case under consideration had jurisdiction of the subject-matter, but it is denied by the appellant, and we think justly, that it did not have jurisdiction of the parties. It appears from the record that none of the distributees had notice of the intended order of distribution, and the defendant who was not only the executor but also a distributee had no knowledge that the order had been made until the execution in question had been issued. In a recent decision of the Supreme Court, * it was held that an order of distribution made under similar circumstances was *coram non judice*. Judge GANTT who delivered the opinion of the court said "our statute has most wisely provided a course of procedure to relieve administrators and executors of the risk they incurred at common law, by distributing the personal estate before all debts were paid, and has with great particularly prescribed for the distribution of estates. . . . By section 242, Revised Statutes 1889, it is directed that each person entitled to distribution or partition, *not applying therefor, shall be notified in writing,* of such application ten days before any such order shall be made." and he then proceeds to quote from section 243 (now 244) that "the order of distribution made by the court upon such notice shall settle the claims of the distributees," and again the opinion reads:

*Presumably, Lilly v. Menke, 126 Mo. 190, l. c. 220.—REPORTER.

"In the absence of notice to these distributees, the judgment of the probate court would be clearly *coram non judice* as to them." Nothing can be clearer than that the holding of the court is that orders of distribution made without notice as provided by the statute are void. It follows, therefore, that the order of distribution made in this case without notice to the distributees is void and that the motion of the defendants to quash the execution should have been sustained. It seems from the record that the order of distribution was perhaps not made in pursuance of the will of the deceased.

It would be well enough for the probate court, in making a new order, as it will be compelled to do if the distributees demand it, to be guided by the directions of the will. Reversed with directions to quash the execution. All concur.