THE STATE OF MISSOURI ex rel. ETHEL BROUSE, Respondent, v. MARY V. BURNES et al., Appellants.

Kansas City Court of Appeals, February 17, 1908.

1. ADMINISTRATION: Distribution: Notice: Statutory Construction. Upon the final settlement of an estate each distributee under section 243, Revised Statutes 1899, is entitled to ten days' notice in writing of the distribution if a resident of the State; and if not a resident, notice should be published in a newspaper for eight weeks before the making of such order. History of the statute since the revision of 1845 is reviewed.

2. ————: ————: ————: ————: Final Settlement. An order of distribution upon a judgment of final settlement made with due notice will not bind the distributee who has been passed over unless the notice required by section 243 is given. [Following Baker v. Lumpee, 91 Mo. App. 560.]

3. ————: ————: Personalty: Realty: Statutory Construction. Section 4995, Revised Statutes 1899, makes an heir a devisee liable on the covenant of the ancestor to the extent of lands descended or devised; personal property, however, under the common law passes subject to the payment of the debts of the ancestor; and where the claim growing out of the ancestor's covenant does not ripen into a debt until after the personalty has descended to the heir he must respond to the extent of the personalty uescending.

4. ————: ————: ————: ————: ————: Remedy. The remedy of a creditor in such event may be asserted at law since under the code the answer may set up all the equities.

5. ————: ————: ————: ————: ————: Judgment. S was administrator with H, C and F as his sureties. He made his final settlement and the court found there were two heirs and ordered the distributable assets in his hands divided equally between them. There was no notice given as required by section 243. S complied with the order and got his discharge in regular form. B was the heir of S's intestate, lived out of the State and her existence was unknown to the other distributees, the administrator and the court. After the death of F and C

she sued on S's bond, made H and the heirs of F and C defendants who had severally received sufficient personal property from their respective ancestors' estates to pay the claim of B. Later the heirs of F were dismissed from the suit. Judgment was given for the whole sum due B against H and for one-half that sum against each of the two heirs of F. *Held*, well adjudged, since H and F and C were each liable for the whole amount, and their heirs would be liable for their pro rata of the same amount.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*Vinton Pike* and *M. A. Reed* for appellants.

(1) The first sentence in the decree of the court recites the filing, examination and recording of the published notice of the administrator of his intention to file his final settlement at the next term of the probate court. This notice was under section 232, Revised Statutes 1899. (2) This statute is not particular to any one, but general to all. The notice is to all creditors and others interested in the estate. It is sufficient, if notice be given in the mode pointed out by the statute. Woerner's Adm. Law, p. 1230; North v. Priest, 81 Mo. 563; Fenix v. Fenix, 80 Mo. 31. (3) This notice brings all persons before the court. Robards v. Lamb, 89 Mo. 311; Richter v. Bohnsack, 144 Mo. 515. (4) It brings minors as well as everyone else. Brashears v. Hicklin, 54 Mo. 104; Clyce v. Anderson, 49 Mo. 42. (5) The probate court, having thus acquired jurisdiction of the case, it had the right to proceed in the examination of the final settlement and the distribution of the estate, and thereto it had the right and it was its duty to ascertain the names of the heirs entitled to the estate, and the amount to which each heir was entitled. Woerner's Adm. L., 1231; Bramwell v. Cole, 136 Mo. 210. (6) It results from this that the final settlement, as shown by the orders and decrees of the

court, has the force of a final judgment.    Loving v.
Byrd, 124 Mo. 590; State ex rel. v. Gray, 106 Mo. 526;
Bramell v. Cole, 136 Mo. 209; Ratliff v. Magee, 165 Mo.
467, 468, 469; State ex rel. v. Robb, 77 Mo. App. 277;
Smith v. Hunter, 150 Mo. 444; State v. Carroll, 101 Mo.
App. 113.    (7) The probate court had the right to make
its order of distribution immediately after the approval
of the final settlement, and to evidence both, in a single
judgment.    Our Supreme Court has declared that the
order of distribution follows the final settlement as a
natural consequence.    State ex rel. v. Henderson, 164
Mo. 358; Branson v. Branson, 102 Mo. 618.    (8) From
the foregoing authorities it follows that this action on
the administrator's bond cannot be maintained.    State
ex rel. v. Roland, 23 Mo. 98; State ex rel. v. Gray, 106
Mo. 526.    (9) The administrator's compliance with the
judgment of the court in paying the persons named the
exact sums as found and directed operated as a complete
release to him and his bondsmen from all liability.    11
Am. & Eng. Enc. Law (2 Ed.), 1174 and note 3.  Young
v. Thrasher, 48 Mo. App. 327; 2 Perry on Trusts (3
Ed.), secs. 924, 928.    (10) Plaintiff's contention that
she was entitled to the ten days' written notice provided
for in section 243 of the administration law, cannot be
maintained.    (11) The court erred in rendering a sep-
arate judgment for the full amount against defendant
Samuel H. Smith in the same suit with a separate
judgment for the same sum against defendants, Fannie
Burnes and Marjorie Burnes.

*Spencer & Landis* for respondent.

(1)  The order of distribution made by the pro-
bate court after final settlement is not binding on par-
ties not notified.  R. S. 1899, sec. 243; Lilly v. Menke,
126 Mo. 190; Baker v. Lumpe, 91 Mo. App. 560.  (2) Suit
on bond can be brought by heirs or distributees.  State
ex rel. v. Grigsby, 92 Mo. 419; Kelley v. Thornton, 56

Mo. 325. (3) And against the heirs or devisees of obligors in the bond. Bartlett v. Tinsley, 175 Mo. 331; Saur v. Griffin, 67 Mo. 654; Walker v. Deaver, 79 Mo. 664. (4) The property devised or inherited is subject to the covenant of ancestor. Bartlett v. Tinsley, 175 Mo. 330; Bartlett v. Ball, 142 Mo. 34. (5) The judgment should be pro rata as to the heirs and general as to the original surety. Walker v. Deaver, 79 Mo. 664. (6) The statute of limitations cannot affect plaintiff. She was only twenty-three years old when suit was filed. Miner and Frees v. Howard, 93 Mo. App. 572.

BROADDUS, P. J.—This is a suit on the official bond of Thomas R. Smith as public administrator of Buchanan county, for an alleged breach thereof. One of his sureties, Samuel H. Smith, and Fannie and Marjorie Burnes are the sole heirs of Calvin C. Burnes, another surety, and the representatives and heirs of Calvin F. Burnes, were made defendants.

The facts were, that defendant Thomas R. Smith had under an order from the probate court taken charge of the estate of Joab Schultz, deceased, and duly administered the same, and that he had in his hands, on the 15th day of May, 1895, after payment of all debts and liabilities exhibited the sum of $1,999.42. On said date the administrator made his final settlement. The order of the court made at the time with other matters recited that "it further appearing, that the heirs and distributees of said Jacob Schultz are his son and only child Harold Schultz . . . and widow Sallie Schultz, who are entitled to equal shares of his estate. It is therefore ordered that the administrator make final distribution of said balance between said distributees."

The administrator in obedience to the said order distributed the balance in his hands equally between the two distributees named, and reported his action in so

doing to the court, whereupon the court made an order that he be finally discharged.

The plaintiff was a grandchild of the deceased, a nonresident of the state, whose existence was unknown to the administrator. The plaintiff's suit is based upon the theory that the order of distribution made at the said final settlement was *coram non judice,* as the court had no jurisdiction to make such order at that time. The court adopted plaintiff's view of the question and rendered judgment in her favor for one third of the amount of the said funds, from which defendants appealed.

The question involves a construction of section 243, Revised Statutes 1899, which requires: "Each person entitled to distribution or partition, not applying therefor, shall be notified, in writing, of such application ten days before any such order shall be made; or, if such person do not reside in this state, a notice of such application shall be published in some newspaper in this State, eight weeks before any such order shall be made."

It is insisted that said notice applies only to such instances as are provided for by sections 241 and 242 of the statute, governing, where personal property descends and an equal division cannot be had among the heirs at law, or where such property is capable of division in kind among such heirs. Section 241 was in force in 1845, as section 4, Revised Statutes 1845, the only difference being that the word, slaves, is omitted in the revisions since their emancipation. But section 242 was not then a law. Section 5 of that revision which provides for distribution did not contain the word partition as found in said section 243 as it now reads. Section 5 reads as follows: "Each person entitled to distribution, not applying therefor, shall be notified in writing of such application ten days before such order shall be made, or if such person do not reside

in this state, a notice of such application shall be published, in some newspaper in this State, eight weeks before such order shall be made."

It will thus be seen that notice of distribution was then required in all cases. There is nothing in the act to qualify its application in any case calling for distribution. Reading section 243 in connection with the law as it stood before the amendment, providing for partition of personal property under section 242 it seems to be clear that the section calling for notice for distribution in all cases is imperative. It must be admitted that the additional provision for partition in kind of personal property did not affect the scope of the statute as it previously existed. And when we come to consider the fact that there is no other provision in the law under which distribution can be had we are at loss to know how otherwise such an end could be accomplished. Article XI of the law of administration governs the whole question and under its direction all estates must be distributed.

It will be observed that there is nothing in the statute requiring distribution to be made on final settlement. It is true that it has been held, that where a final settlement has been adjudged showing a balance in the hands of the executor for distribution an order of distribution follows as a natural consequence. [State ex rel. v. Henderson, 164 Mo. 345.] But we do not understand the court to hold that such a final settlement of itself would authorize an order of distribution if there was any other requirement of the law not complied with before distribution should be actually made. In Branson v. Branson, 102 Mo. l. c. 618, the court used this language in reference to the question under consideration: "The order of distribution was but a result flowing from the order fixing the amount in the hands of the administrator." The case was one of appeal from a final settlement of the administrator and from an

order of distribution. In speaking of the latter the court said: "To review this order it was necessary to review the order fixing the amount due from the administrators, for the amount to be distributed depended upon the amount in their hands. Cases may arise when these orders may be treated as separated and distinct, but that is not the case here." This case, with others cited by appellant when properly considered cannot be interpreted to mean that distribution can be made on final settlement of an administrator or executor without the notice as required by said section 243, or its equivalent where the parties entitled to such distribution appear to the proceeding.

This court in Baker v. Lumpee, 91 Mo. App. 560, held that in the absence of notice to the distributees, the order of distribution was *coram non judice*. It is asserted that such holding was predicated upon the decision in Lilly v. Menke, 126 Mo. 190. There is no doubt but what that opinion had much to do with our conclusion. It is however contended that the decision of the Supreme Court in that case has no application to this case, and consequently our own is equally without applicability. It is true that the facts in the two cases differed widely. In the Lilly v. Menke case, the administrator was appointed pending a proceeding to contest the will of Ilett Tobbein. He made his final settlement as such, which was affirmed by the court and distribution was ordered. The court held it invalid for want of notice to the distributees and on the ground that he was merely an administrator *pendente lite,* not an administrator under the will. The following language was used by the court: "The claim therefore, that these distributees are bound by the judgment or settlement in the probate court by the administrator *pendente lite* cannot be sustained, unless he was also administrator with the will annexed, and notice of distribution given as required by the statute." An examination of the

record shows that there was no personal property to be distributed, but it was money in the hands of the administrator. Notwithstanding the difference in the two cases we believe we were justified in the inference that, the same principle governed both alike. The only other case in our state, that we are aware of, that has any particular bearing on the question is that of State ex rel. v. Henderson, supra. There the executor claimed that he had a right to notice before any order of distribution could be legally made. The court after quoting said section said: "It is very plain from its language that that statute has no reference to a notice to be given to an executor; it applies only to persons entitled to a share in the distribution." And it was in this case that the court said that an order of distribution naturally followed a final settlement. It is true that it was an expression of mere dictum, but it seems to us that the idea expressed is such as would *naturally* occur to the mind of a judge who might have the section before him for construction.

The sureties on the administrator's bond besides Samuel H. Smith, were Calvin F. Burnes and Calvin C. Burnes, the two latter being dead at the commencement of this suit. The heirs and representatives of Calvin F. Burnes and the heirs of Calvin C. Burnes were alleged and shown to have received and inherited estates from the said deceased. The defendants inherited from their ancestor Calvin C. Burnes personalty of the value of $17,500. The suit was dismissed as to the heirs and representatives of Calvin F. Burnes.

The court found for the plaintiff in the sum of $679.55, and that defendant Samuel H. Smith was liable for the full amount thereof; "and that defendants Fannie C. Burnes, and Marjorie Burnes are each liable for $339.77, it being one-half of the amount of said damages." It is contended that the judgment is erroneous

as against the heirs of Calvin C. Burnes as there was no proof that any real estate descended to them from their ancestor.    By section 4595, chapter on uses and trusts, it is provided: "Lineal and collateral warranties, with all their incidents are abolished; but the heirs and devisees of every person who shall have made any covenant or agreement shall be answerable, upon such covenant or agreement, to the extent of the lands descended or devised to them, in the cases and in the manner prescribed by law; . . . ."    At common law the heir was not answerable for the covenants of :s ancestor even though he inherited lands from such ancestor.    This condition was remedied by the passage of an act of parliament.    The section quoted determines the extent of the liability of the heirs in such cases.

In this case we have to deal with personal property descended to the heir.    Our statute of administration provides in case of death of a person, a court provided by law for such purposes, shall appoint an administrator to take charge of all the personal assets of the deceased, with the exception of such portion as is set apart for the widow, if there be one, and convert enough of them into money for the purpose of discharging the obligations of the deceased.    The heir is not entitled to any such assets until the indebtedness of the deceased is discharged by the administrator, except in certain cases wherein it is provided that personal property in kind may be divided among the heirs where it appears that the remaining assets in the hands of the administrator is sufficient to pay all debts and liabilities.    All demands against the decedent's estate if not presented within a certain time are barred.    When administration has been closed as the statute provides, distribution is made to the heirs or devisees as the case may be.    Thus it will be seen although as a matter of law personalty descends to the heirs, it is charged with the debts and liabilities of the deceased ancestor.    Administration prevailed in

England under the common law, and the underlying principle that the personal estate of deceased persons should be charged with the payment of their debts was an inheritance by the colonies and the states from that country.

The question then remains that notwithstanding personalty descends to the heir charged with payment of the liabilities of the deceased, can such liabilities be enforced other than in the manner provided by the administration act. Administration of the estate of the deceased surety at the commencement of this suit had been completed and the residue distributed to his heirs; and there is no longer an administration and no provision under the circumstances for another. The demand of plaintiff did not exist during the administration, but has ripened into one since it was closed. The plaintiff seeks to enforce her demand against the heirs. The remedy is denied. But courts rarely fail to find a remedy when the right exists. No adjudicated case has been cited as a precedent for a remedy. There are cases for proceeding against the heirs on the covenants of disseizin of the ancestor, but as the statute makes the heir liable to the extent of lands he receives by descent, they are inapplicable to this case. [Walker v. Deaver, 79 Mo. 664; Bartlett v. Tinsley, 175 Mo. 319.]

But upon the principle that the heirs inherited the personalty from their father, the deceased surety charged with the payment of his legal liabilities they hold it as trustees with the implied obligation to discharge the demand. The final settlement by the administrator did not operate to relieve the personalty from the burden imposed upon it by law. It is admitted by defendants that if a claim against the ancestor arises after administration and distribution, the creditor's remedy is in equity. The reason assigned is that in a proceeding upon principles of equity the creditor may be defeated upon grounds that would not bar him at law. This is

an assumption without taking into consideration that under our practice an equitable defense may be interposed in an action of law with the same effect as in an equity proceeding. We believe the law affords plaintiff a full and complete remedy and whatever defense defendants may have had, if any, it should have been pleaded.

Another question remains to be determined. It is insisted that the judgment against the two heirs of Calvin C. Burnes was excessive. It is true they were liable only to the extent of the assets which they received. Their liability was several and not joint, and recovery could be had against them for pro rata shares. [Walker v. Deaver, 79 Mo. l. c. 679.] As the two heirs of Calvin F. Burnes were also distributees it is urged that the judgment should be apportioned between them and the defendants, Fanny and Marjorie, that is the liability of each was one-fourth instead of one-half of the plaintiff's demand. But this is a misapplication of the law. The liability of each of the deceased ancestors was for the whole demand, therefore the liability of each heir is for their proportional share of their ancestors. As the ancestors would if alive be liable for the whole amount, so his heirs are liable for their pro rata share of such amount. The cause is affirmed. All concur.