THE CITY OF SPRINGFIELD, a Municipal Corporation, Appellant, v. MARY L. CLEMENT, MADGE E. MILLIGAN, HESTER LEARD MILLIGAN and MADGE E. MILLIGAN, Trustee for HESTER LEARD MILLIGAN, NORVEL W. MILLIGAN, LOUIS M. MICHELS, WILSEY HIGGS and E. P. MANN, Guardian Ad Litem for HESTER LEARD MILLIGAN, Respondents.

Springfield Court of Appeals, August 10, 1920.

1. **MUNICIPAL CORPORATION: Suit for Idemnity.** Where the negligence of the city is constructive or secondary only, it may maintain an action for indemnity against the owner of the property, whose negligence and active fault causes the injury.

2. **NEGLIGENCE: Damages on Account of Tort of Another.** A person who has been exposed to liability and compelled to pay damages on account of the negligence or tortious act of another has a right of action against the latter for indemnity, provided plaintiff and defendant are not joint tort-feasors in such sense as to prevent plaintiff from recovering. Thus a municipal corporation which has been compelled to pay a judgment recovered against it for damages sustained by an individual by an obstruction, defect, or excavation in the sidewalk or street of such corporation has an action over against the person who negligently and unlawfully created the defect that caused the injury.

3. ————: **Right of Municipal Corporation to Indemnity: In Pari Delicto.** The right of the city to recover in such cases from the wrongdoer by way of indemnity is confined to those cases where the city is not *in pari delicto* with the defendant and it must be shown that the city's liability does not arise in whole or in part from its own independent negligence. The city's liability must arise solely from its constructive negligence in failing to remedy or prevent the consequences of the primary negligence of the person from whom indemnity is sought.

4. **JUDGMENT: Suit for Indemnity.** In a suit for indemnity by one paying a judgment the statute, Revised Statutes 1909, section 5431, has removed the barrier, if any existed, arising because of the judgment being founded on an action for the redress of a private wrong.

City of Springfield v. Clement et al.

5. **ADMINISTRATION: Liability of Heirs and Devisees: Claim for Indemnity Not Presented Against the Estate of the Deceased.** The general rule of law is that where a claim against a deceased person matures and comes into being as an actionable demand after the deceased's estate has been fully administered and finally settled and the assets distributed to the heirs or devisees, the claimant can recover from such heirs and devisees receiving such assets.

6. **ACTIONS: Suits for Indemnity do Not Sound in Tort.** An action for indemnity by one having to pay a loss occasioned by another's wrong is not an action sounding in tort and is not subject to the rule that it does not survive the death of the tortfeasor.

7. **JUDGMENTS: Effect of Failure to Give Notice of Pending Suit.** Where one party has paid a judgment for which another is primarily liable and seeks indemnity, the failure to give notice of the former suit and permit the person primarily liable to defend, does not defeat the action for indemnity but leaves the whole matter open for relitigation.

8. **HEIRS AND LEGATEES: Rules for Determining Respective Liability.** In a suit against the distributees of an estate for the collection of a claim against the decedent, the rules for ascertaining the relative liability of specific and residuary legacies must be taken into consideration, and the rule that the personal property of the estate is primarily liable for the payment of debts and that the realty may not be resorted to unless the personalty is insufficient, and the further rule that residuary and general legacies must be resorted to for the payment of debts before demonstrative or specific legacies are liable, should determine among the distributees upon whom the primary obligation rests for the payment of such claim.

9. **SURVIVAL OF ACTIONS AT COMMON LAW FOR TORTS.** It is fundamental that actions at common law for torts did not survive. It, therefore, requires an act of the Legislature to bring about that result. (FARRINGTON, J., dissenting).

Appeal from Greene Circuit Court.—*Hon. Gay D. Kirby,* Judge.

REVERSED AND REMANDED.

*Fred A. Moon* for appellant.

*Mann, Todd & Mann* and *W. D. Tetlow* for respondents.

STURGIS, P. J.—In this suit the city of Springfield seeks to recover by way of indemnity the amount of the judgment which it was compelled to pay in the personal injury suit of Annie M. Abbott against such city. The basis of plaintiff's claim is that the injury to Miss Abbott, for which defendant was held liable in that case, was due primarily to the negligence of one Otis L. Milligan, the owner of the property abutting on the sidewalk where Miss Abbott fell and was injured, in that he negligently permitted certain down spouts carrying water from the roof of said building to become leaky and out of repair by reason whereof such water was precipitated on the sidewalk, froze into ice ridges and caused a dangerous obstruction to such sidewalk. The defendants are the heirs and devisees of said Otis L. Milligan, who died after the injury to Miss. Abbott and prior to the rendition of the judgment against plaintiff for such injury. The liability of the defendants is predicated on the fact, and to the extent, of assets descended or devised to them by said Otis L. Milligan.

The plaintiff's petition was successfully demurred to as failing to state a cause of action and the question presented by plaintiff's appeal is whether defendants are liable under the facts alleged. The petition in this case alleges, among other things, the negligence of the city in practically the same words as the allegations of the petition in the case of Annie M. Abbott against this plaintiff. That case was appealed to this court and our opinion affirming the judgment of the trial court in Miss Abbott's favor is reported in 210 S. W. 443. The essential facts as then alleged and proven are there set forth and need not be repeated here. It is sufficient to say that the facts then pleaded and proven and which are reiterated here, were sufficient to hold this plaintiff liable for negligence in permitting the sidewalk where Miss Abbott fell and was injured to become and remain in a dangerous condition because of the accumulation of ice and snow thereon; that Miss Abbott was severely injured while walking along said sidewalk

by reason of slipping and falling in consequence of the dangerous condition of such walk from the unusual accumulation of ice and snow amounting to an obstruction of such walk. In the present petition a plaintiff, defendant in that case, further alleges that at the time of Miss Abbott's injury, Otis L. Milligan was the owner of the lot and building thereon adjacent to the part of the sidewalk where Miss Abbott fell on the ice; that on the day of her injury and for a long time prior thereto the cornice and down spouts on the side of said building adjoining such sidewalk were rotted out and in a leaky and defective condition; that at said time and place said sidewalk was in an unsafe and dangerous condition for pedestrians walking thereon on account of the formation of rough and uneven ice caused by water dripping from the cornice and leaking from the defective down spouts upon said walk and freezing thereon; that Miss Abbott's injury was caused by her slipping and falling on and by reason of such ice; that the rotten, leaky and defective condition of such cornice and down spouts on Milligan's building and the consequent formation of rough and uneven ice on said sidewalk in cold weather were known to said Milligan or should have been known to him by using reasonable care. This plaintiff further alleged that on the trial of the Abbott case she proved the rotten, defective and leaky condition of the cornice and down spouts on Milligan's building and that the formation of the rough and uneven ice and snow on the sidewalk of the plaintiff city, which caused her to fall and be injured, had been caused on account of water dripping and leaking from such cornice and down spouts of Milligan's building.

The facts alleged are clearly sufficient, we think, to make a case of original liability of Otis L. Milligan, for the injury of Miss Abbott and had she sued said Milligan for her injury or joined him as a defendant with this plaintiff city, and had made and proved the allegations contained in the present petition, a judgment against him would be sustained. It is equally clear that

these alleged facts show that Milligan's negligence was the active and primary cause of Miss Abbott's injury and that, while the city was liable for negligently permitting the sidewalk in question to become and remain in a dangerous condition, its negligence was constructive and secondary only. In such cases the city may maintain an action for indemnity against the owner of the property whose negligence and active fault cause the injury. This rule is stated in 14 R. C. L. 53, thus: "While it is generally conceded that public necessity, and the nature of their obligations, require that municipal corporations should be held liable for the safety of their thoroughfares, the doctrine of *pari delicto*, though frequently invoked against them, is not applied, because of their constructive default, when they have sought reimbursement from the actual authors of the trespass or nuisance which has caused them to be sued; and the general rule is that when such corporations have been held responsible for injuries to persons lawfully using the streets in a city, because of defects in the streets or sidewalks caused by negligence or active fault of the property owner, or in general whenever they have been compelled to pay damages for a wrongful act perpetrated by another in public highways, they become entitled to maintain an action against such person for indemnity from the liability which the wrongful act has brought upon them." In 22 Cyc. 96, under the head of "implied contracts" for indemnity, this is said: "So a person who has been exposed to liability and compelled to pay damages on account of the negligence or tortious act of another has a right of action against the latter for indemnity, provided plaintiff and defendant are not joint tort-feasors in such sense as to prevent plaintiff from recovering. Thus it is well settled that a municipal corporation which has been compelled to pay a judgment recovered against it for damages sustained by an individual by an obstruction, defect, or excavation in the sidewalk or street of such corporation has an action over against the person who negligently

and unlawfully created the defect that caused the injury." A large number of cases from many states are cited in support of the text. Under facts quite similar to those in the present case a municipal corporation has been allowed to recover from an abutting lot owner whose negligence has imposed on such municipality a liability to a third person. [See New York v. Dimick, 20 Abb. N. C. 15.] This doctrine has the approval of the Supreme Court of the United States in Washington Gas Light Co. v. District of Columbia, 40 Law Ed. 712, 719, where after reviewing a number of cases the court said: "All the cases referred to involved only the right of a municipal corporation to recover over the amount of the damages for which it had been held liable in consequence of a defective street, occasioned by the neglect or failure of another to perform his legal duty."

The right of the city to recover in such cases from the wrongdoer by way of indemnity is confined to those cases where the city is not *in pari delicto* with the defendant and it must be shown that the city's liability does not arise in whole or in part from its own independent negligence. The city's liability must arise solely from its constructive negligence in failing to remedy or prevent the consequences of the primary negligence of the person from whom indemnity is sought. [22 Cyc. 99; 7 Amer. & Eng. Ency. Law (2 Ed.), 265.] As said in 14 R. C. L. 52: "So an occupant of a building who has been compelled to pay damages for injuries sustained by another by falling into an opening on the premises negligently left open and unguarded by a third person, may maintain an action against such third person for indemnity. . . . In all such cases, where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage, the rule that one of two joint tort-feasors cannot maintain an action against the other for indemnity or contribution does not apply as the parties are not *in pari delicto* as to each other, though as to third persons either may be held liable." Thus

205 App.—3

in the case of Milford v. Holbrook (Mass.), 85 Amer.
Dec. 735, 737, the court held that the city should recover
from a lot owner whose negligence in failing to keep
an awning in repair caused injury to a third person
using a city sidewalk.   The court there said: ''The
plaintiffs were not *in pari delicto* with the defendant,
and therefore the principle that one joint wrong-doer
cannot have contribution against another had no per-
tinency.   The only fault or negligence which could be
imputed to the town, on the facts shown, was a failure
to remedy the nuisance which the defendant had caused.
This is no bar to their claim for indemnity: Lowell v.
Boston & Lowell R. R., 23 Pick. 24 (34 Am. Dec. 33);
Lowell v. Short, 4 Cush. 275.''   [West Bolton v. Mason,
102 Mass. 343.]

So runs the law in this State.   [Independence v.
Railroad, 86 Mo. App. 585, 590;   Bray v. Culp (Mo.
App.), 219 S. W. 129.]   The case of City of Memphis v.
Miller, 78 Mo. App. 67, principally discusses whether
the occupying tenant or owner of the adjacent lot is
responsible for the negligence for not keeping in a safe
condition a cellar door opening on a sidewalk and as-
sumes throughout and by the result holds that the
city can recover by way of indemnity from the lot
owner the amount of a judgment it was compelled to
pay by reason of the lot owner's negligence resulting
in injury to a third person using the sidewalk.   In
Telephone Co. v. St. Louis, 268 Mo. 485, 491, 188 S. W.
182, the telephone company sued for a contribution un-
der section 5431, Revised Statutes 1909, on a judgment
rendered against it and the city based on concurrent
negligence.   The facts disclosed that plaintiff telephone
company was guilty of the primary negligence in leav-
ing a dangerous hole in defendant's street for which the
city was held liable as for constructive negligence.  Under
such facts the court held that the telephone company
could not recover for contribution or indemnity because
if the city had been compelled to pay anything on such
judgment ''the telephone company was liable over to

the city for any damages the city might be compelled to pay to Merritt by reason of the defect in the street caused by the negligence of the telephone company." Said Section 5431 reads as follows: "Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, *and all other consequences of such judgment,* in the same manner and to the same extent as defendants in a judgment in an action founded on contract." The Supreme Court in Telephone Co. v. St. Louis, supra, l. c. 496, in commenting on this statute, points out that in action founded upon contract, as stated in Freeman on Judgments (4 Ed.), 158, "which of the defendants should pay the entire debt, or what proportion each should pay in case each is partly liable, is still unadjudicated" and one judgment defendant "may still prove by any competent evidence that the whole burden of the obligation should be borne by the other." The court then says that the section of the statute above quoted "applies the same rule to judgments rendered in actions on torts." It would seem therefore that in a suit for indemnity by one paying a judgment this statute has removed the barrier, if any existed, arising because of the judgment being "founded on an action for the redress of a private wrong."

It is apparent therefore that whether the injured person, Miss Abbott, sued on or both of the tort-feasors, the lot owner, Milligan, is, under the facts alleged, the primary wrongdoer and were he living this plaintiff could maintain his suit against him for the indemnity for the judgment it was compelled to pay.

The injured person did not, however, make Milligan a defendant in her damage suit and he died pending such action, or perhaps before it was begun. This suit is against his heirs and devisees on account of assets descended or devised to them. The petition sets forth the relationship of the defendants to Milligan and a copy of his will showing that he died possessed of considerable real and personal property which passed thereby to these

defendants. It is conceded that the amount of property which thus passed from Milligan to the defendants is much in excess of the Abbott judgment. It is also alleged that the Milligan estate has been finally and fully settled, all debts paid which were allowed or presented, his property distributed to these defendants and the executor discharged. Plaintiff's claim for indemnity was not presented against the Milligan estate and could not be as the Abbott judgment was not rendered or paid by plaintiff till long after the final settlement of that estate. In fact the record shows that while the injury to Miss Abbott occurred before Milligan died, she did not bring suit against the plaintiff till after the final settlement and distribution of the estate. Such final settlement was made in June, 1914, and the Abbott damage suit was commenced in August, 1916, judgment rendered against plaintiff in May, 1918, affirmed in this court in February, 1919 and paid by plaintiff in May, 1919. This suit for indemnity was filed in August, 1919.

The general rule of law is that where a claim against a deceased person matures and comes into being as an actionable demand after the deceased's estate has been fully administered and finally settled and the assets distributed to the heirs or devisees, the claimant can recover from such heirs and devisees receiving such assets. In 3 Alexander on Wills, section 1584, the law is stated thus; "Where a claim against the decedent does not arise until after his estate has been settled, it being impossible in such a case to present the claim to the probate court for allowance, the claimant should recover what is due him from the heirs or next of kin if the decedent died intestate, or from the legatees and devisees of a testate decedent, to an amount not exceeding the value of the property which they received from the estate." It is held in State ex rel. v. Burnes, 129 Mo. App. 474, 107 S. W. 1094, that where a claim against a deceased person does not exist as an enforceable demand but ripens into one after the estate is fully administered the claimant may enforce same by suit against the heirs or

devisees at least to the extent of personalty descended or devised to them. It may be as there pointed out that section 2875, Revised Statutes 1909 is limited to real estate descended or devised but the court there held that, as personal property under our administration law descends to the heirs subject to the payment of the ancestor's debts, such heirs take such property as trustees charged with the payment of all legal liabilities. Whether there be a distinction between reaching land or personalty in the hands of heirs or devisees is of no importance in the present case, as the Milligan estate consisted of both. In Beekman v. Richardson, 150 Mo. 430, 435, 51 S. W. 689, the court said: "The only circumstances under which a creditor may establish his or her claim against a defendant, after the lapse of two years from granting of letters of administration, except he or she is under disability (the limitation thereby extended being by express words of statute) is where the claim could not have been presented and established within the two years because it did not accrue until after the decedent's death. In that case it has been held that the creditor may in a court of equity pursue the estate that has passed into the hands of the heirs and distributees, and have his or her claim satisfied." In Chitty v. Gillette (Okla.), L. R. A. 1916A, 1181, 1182, the court reviewed a large number of cases and announced: "The weight of authority is to the effect that where a claim has not accrued or become enforceable until after the administration of the estate is closed, a recovery may be had in an action against the heirs in the district court, to the extent of the assets received by them from the estate. Some of these decisions are based upon special statutes to that effect, while the reason for this rule in others is based upon statutes similar to our own." The statutes referred to are the common administration statutes similar to those in this State providing for the payment of all the debts of the decedent out of his property personal and real before same is administered and distributed to the heirs or devisees. Stephens v. Tucker, 87 Ind. 109, shows that the

right to recover from the heirs when the claim came into being after the estate was closed does not depend on a special statute to that effect. In the editorial note to L. R. A. 1916A, 1181, a large number of cases are cited and at page 1187 this is said: "A majority of these cases are decided by virtue of a statute making real estate assets for the payment of debts. The rule of the common law that there is no right to sue an heir is changed by statute making land assets in the hands of an executor or administrator for the payment of such debts, so that when lands descend to the heir, the equitable right to subject them to the payment of debts follows. Thus, land descended to an heir may be charged with the liability of the ancestor as surety, under a statute making real estate assets for payment of debts;" and again at page 1188; "Personalty, which at common law was liable for payment of debts, under statutes in most jurisdictions now descends to the heirs in the same manner as real estate, after such debts are paid. It is thus charged with debts, and it is now generally held that the heir who has received personalty is liable to one whose claim had not accrued at the time of the administration, although the statutes do not expressly make the personal estate assets in the hands of the heir."

An examination of the cases shows that the liability of the heirs or devisees receiving assets is by no means limited to cases arising from express covenants or agreements made by the ancestor in his lifetime but include implied contracts such as contribution between cosureties, statutory liability of decedents as stockholders of insolvent corporations, and the like. [See cases cited at page 1189 of L. R. A. 1916A. Consult also Williams v. Ewing, 31 Ark. 229; Hall v. Martin, 46 N. H. 337; South Milwaukee Co. v. Murphy, 112 Wis. 614; Payson v. Hadduck, 8 Biss. 293; Lake Co. v. Tindeke, 66 Minn. 209, 68 N. W. 974; Hantsch v. Massolt, 61 Minn. 361, 63 N. W. 1069; Hecht v. Skaggs, 53 Ark. 291, 13 S. W. 930; Berton v. Anderson, 56 Ark. 470, 20 S. W. 250; Cole v. Hall, 85 Ark. 144, 107 S. W. 175; Stevens v. Tucker, 87 Ind.

109; McClure v. Dee, 115 Iowa 546, 88 N. W. 1093; Rohr-baugh v. Hamblin, 57 Kan. 393, 46 Pac. 705; Johnson v. Libby, 111 Me. 204, 88 Atl. 647.]

Claims of the character now being considered which do not come into being as an actionable demand prior to or during the administration of the estate, but arise after the estate is finally settled and too late to be presented to or allowed by the administration, are not barred because not so presented or by the special statute of limitations relative thereto. [Bray v. Culp (Mo. App.), 219 S. W. 129; Beckman v. Richardson, 150 Mo. 430, 436, 51 S. W. 689; Binz v. Hyatt, 200 Mo. 299, 308, 98 S. W. 637.] In an action for indemnity such as this the statute of limitations begins to run from the date the plaintiff pays the judgment for then the plaintiff's cause of action first accrues. [14 R. C. L. 63; 22 Cyc. 103.]

The defendants contend however that this action sounds in tort and that when Otis L. Milligan died, no judgment having been rendered against him and no cause of action pending against him, the cause of action died with him. They cite the rule of the common law that the torts of a deceased person are buried with him. [Bates v. Sylvester, 205 Mo. 493, 104 S. W. 73; Millar v. Transit Co., 216 Mo. 99, 115 S. W. 521.] They also point out that section 5438, Revised Statutes 1909, enacted in 1907, providing that causes of action for personal injuries when sued on by the injured party shall not abate by reason of the death of the wrongdoer but shall survive against his legal representatives, does not aid this plaintiff because no cause of action was pending at the time of Milligan's death. [Showen v. Street Railroad, 164 Mo. App. 41.] This argument and these authorities would apply to the personal injury suit Miss Abbott but are not applicable to the present case. As we have stated this is a suit for indemnity to the plaintiff by reason of its having to pay a judgment imposed upon it by Milligan's primary negligence in casting water on plaintiff's sidewalk causing injury to a third party. Such suit for indemnity while founded in a way on the personal injury suit of Miss

Abbott against plaintiff resulting in the judgment for which indemnity is sought, is yet a separate and distinct cause of action. It is doubtless true that, as defendants say, "whatever cause of action (by Miss Abbott of course) existed up to the rendition of the Abbott judgment on May 21, 1918 against either the deceased (Milligan) his personal representatives or his devises or legatees, sounded in tort and not in contract." But the present cause of action did not come into being till Miss Abbott's cause of action merged in her judgment and the plaintiff paid that judgment. Thereby the present cause of action came into being. The two causes of action which the defendants confuse were not even co-existent. Because Miss Abbott's cause of action, either against Milligan or the city or both, sounded in tort and as to Milligan died with him, does not as defendants argue so poison the judgment in favor of Miss Abbott with tort virus at to make this suit for indemnity therefrom also sound in tort. Certainly any question as to abatement or revival or survival or transmittal of that cause of action is not involved here.

A suit for indemnity can hardly be said to be an action in tort. To indemnify is to reimburse another for some loss and an action for indemnity rest on an obligation of one person to make good the loss or damage which another has incurred. Indemnity is said to spring from contract, express or implied, though the obligation to indemnify may be one imposed by law. [14 R. C. L. 43; 22 Cyc. 79.] The right to indemnity which comes to one who has been compelled to pay damages on account of the negligence or tortious act of another is classed in 22 Cyc. 96 under the head of "implied contracts;" and so, too, in 14 R. C. L. 52, where the rational of the matter is stated thus: "A person who, without fault on his own part, has been compelled, by a judgment of a court having jurisdiction, to pay damages occasioned by the negligence of another is entitled to indemnity from the latter, *whether contractual relations exist between them or not;* and the right to such indemnity does not depend on the

City of Springfield v. Clement et al.

fact that the wrongdoer owed to the property charged with the liability a special or particular duty not to be negligent. The right to indemnity in such cases stands upon the principle that everyone is responsible for the consequences of his negligence; and if another person has been compelled to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him.'' We do not think it material as to a scientific classification of the plaintiff's cause of action. It is sufficient to know that the relationship of this plaintiff and Milligan to Miss Abbott's cause of action and to each other was and is such that plaintiff is entitled to recover indemnity for having to pay the Abbott judgment. It is not material whether such relationship was brought about by express contract, an implied contract or an obligation imposed by law. ''Whenever several parties are liable to the same obligation, but by the contract from which the liability arises or by the *relations between them* the primary duty of discharging the obligation rests upon one or more of the number, and the liability of the others is only secondary, if those secondarily liable are compelled to discharge the obligation they have a right to reimbursement from those primarily liable for the loss which they have incurred. This right may arise from an express contract of indemnity; from the relationship of principal and surety; from that of successive parties to commercial paper; from common *liability for a tort*, as to which the party sought to be charged was the one really guilty of fault, while the other, without guilty responsibility, has become legally liable to the injured party and has discharged the liability; or from the implied contract arising from any state of facts which makes it the equitable duty, as between themselves, of one to bear the obligation which has been cast upon the other.'' [7 Ency. Law (2 Ed), 350.]

It is also urged as effecting the defendant's liability, that when the plaintiff was sued by Miss Abbott no notice was given to these defendants or opportunity given them

to defend such action.   That however does not defeat
liability.   The only effect of such omission is that the
Abbott judgment is not binding on defendants and they
have a right to again litigate every essential fact neces-
sary to support that judgment.   This plaintiff has al-
leged and must prove all the facts necessary to show
plaintiff's liability to Miss Abbott as well as those sup-
porting his right to be indemnified.   [14 R. C. L. 61.]
"The omission to give notice in such case does not go
to the right of action, but simply changes the burden of
proof and imposes upon the party against whom the judg-
ment was recovered the necessity of again litigating and
establishing all the actionable facts."   [See also *idem*.
page 106 and cases cited.   Stewart v. Ball, 45 Mo. 42.]

The point is made that the separate demurrer of
Mary L. Clement should be sustained on the ground, if
for no other reason, that hers is a specific legacy and the
claim of this plaintiff for indemnity must be first paid
by the residuary legatees out of the residuary legacy.
This is the correct rule of law.   In suits by creditors
direct against the distributees of an estate the rules for
ascertaining the relative liability of specific and residu-
ary legacies is stated thus in 3 Alexander, Wills, 2414:
"But the rules for the payment of debts must be taken
into consideration; and in a suit against the distrubutees
of an estate for the collection of a claim against the
decedent, the rule that the personal property of the es-
state is primarily liable for the payment of debts and that
the realty may not be resorted to unless the personalty
is insufficient for such purpose, and the further rule
that residuary and general legacies must be so resorted
to for the payment of debts before demonstrative or
specific lagacies are liable, should determine among the
distributees upon whom the primary obligation rests for
the payment of such claim."   [See also O'Day v. O'Day,
193 Mo. 62, 93, 91 S. W. 921; Walkers Administrator v.
Deaver, 79 Mo. 664, 679.]   The petition however does
not fix values or amounts in money going to the respec-
tive devisees.   This matter can be best determined on

hearing the evidence and if the property in the hands of the residuary legatees chargeable with this debt is found ample to pay the amount, if any, awarded to plaintiff, then no part should be charged against Mary L. Clement. The judgment sustaining the demurrers is reversed and the cause remanded.

*Bradley, J.,* concurs. *Farrington, J.,* dissents and as he deems this opinion in conflict with certain decisions of the Supreme Court and other courts of appeals mentioned in the dissenting opinion herewith filed, this case is certified to the Supreme Court for final determination.

FARRINGTON, J. (Dissenting)—I am unable to agree with the majority opinion rendered in this case. It is fundamental that actions at common law for torts did not survive. It, therefore, requires an act of the legislature to bring about that result.

As I view the opinions which have construed sections 5438 and 5431, Revised Statutes 1909, there is no cause of action presented in the records before us. The case of Showen v. Street Ry. Co., 164 Mo. App. 1. c. 47, 148 S. W. 135, expressly holds that section 5438, Revised Statutes 1909, applies only to actions which are pending. While this case was criticised by one member of Division Number Two of the Supreme Court, it was not overruled, and Division Number One has, in the case of Downs v. United Railways Co., 184 S. W. 995, cited with approval the Showen v. Railway Company case.

Whatever may be said concerning the nature of the action here brought as to indemnity, the cause is fundamentally founded on a tort. Section 5431, Revised Statutes 1909, cannot apply to the state of facts here because it deals with defendants in a judgment whereas in the present case the defendants here were not defendants in the original suit of Abbott v. City. The majority opinion therefore, is in conflict with the case of Showen v. Street Railway Company, 164 Mo. App. 41, 148 S. W. 135, by the

205 App.—9

St. Louis Court of Appeals, which has not been overruled, and is in conflict with the cases of Bates v. Sylvester, 205 Mo. 493, 104 S. W. 73, and Millar v. Transit Co., 216 Mo. 99, 115 S. W. 521, and for that reason I ask that the case be certified to the Supreme Court.