257 S.W.2d 255 (1953)
HUNTER et al.
v.
DE LUXE DRIVE-IN THEATERS, Inc.
No. 21879.
Kansas City Court of Appeals. Missouri.
April 6, 1953.
*256 William Boatright, Kansas City, for appellant.
James T. Blair, Jr., Thomas P. Rose, Jefferson City, for respondents.
DEW, Judge.
Respondents (hereinafter referred to as Hunter Construction Company), as plaintiffs in the trial court, brought suit to recover $5,906.20, the amount of a compromised claim under a grading contract, with interest accrued. Appellant (hereinafter referred to as DeLuxe), defendant in the action, filed a counterclaim for $3,250, for which amount it had settled and satisfied a separate default judgment against it in a damage suit originally instituted against it and the Hunter Construction Company by one Grover C. Clardy for damages growing out of the performance of the grading contract, and for $567.90 attorneys' fees and costs incurred and paid by DeLuxe in the damage suit, making a total counterclaim of $3,817.90. The trial court, sitting without a jury in the present case, gave judgment for the Hunter Construction Company on its petition herein for $5,906.20, plus accrued interest of $632.33, a total of $6,538.53, and found in its favor and against DeLuxe on the counterclaim. From this judgment DeLuxe has appealed.
On May 19, 1949, Hunter Construction Company submitted a proposal to defendant for certain grading to be done on a site near Fulton, Missouri, where DeLuxe was planning the construction of a drive-in theater, the contract price for the grading to be $5,355. This proposal was accepted by DeLuxe May 31, 1949, on the condition, among other things, that Hunter Construction Company furnish proof of public liability and workmen's compensation insurance, together with a performance bond. The Hunter Construction Company accordingly obtained a policy June 20, 1949, from the Bituminous Casualty Corporation, insuring it against workmen's compensation, public liability and other risks on the job in question, and caused a copy of the policy to be mailed to DeLuxe containing the insurer's certificate of issuance. After the completion of the grading job a difference arose as to extras, and the parties agreed on an adjusted total due Hunter Construction Company of $5,906.20. This amount was never paid because of the events that next ensued.
On or about April 4, 1950, DeLuxe was served at its Kansas City office with a summons in an action entitled Grover C. Clardy v. DeLuxe Drive-In-Theaters, a Corporation, and James O. Hunter and John Rathouz, d/b/a Hunter Construction Company, pending in the Circuit Court of the County of Callaway, Missouri, returnable in thirty days after service. Investigation showed that a petition had been filed in the Clardy case against the defendants named in the summons, wherein Clardy alleged that he owned certain real estate adjoining the site upon which the grading job had been done; alleged that DeLuxe employed Hunter and Rathouz, d/b/a Hunter Construction Company, as its agents, servants and employees in certain construction work there, who used certain heavy machinery on the job, well knowing that vibrations therefrom would injure the Clardy property, but, nevertheless, did use said machinery and did damage Clardy's property by the vibrations therefrom, and by such operation the defendants encroached and trespassed on the Clardy property to the plaintiff's damage of $4,875. Upon receipt of the summons in the Clardy case, a Kansas City representative of DeLuxe telephoned the Kansas City office of the Bituminous Casualty Corporation and inquired if the policy was still in effect, stating that his company had received a summons in the Clardy case. He was told that the policy was still in effect, that the matter of the summons was not one for the insurance company, and it was suggested that he communicate with Mr. Hunter. The agent for the insurance company testified that he told the inquirer that the insurance company would not defend DeLuxe but would defend only its insured, the Hunter Construction Company. DeLuxe thereupon, on April 14, 1950, wrote to the Hunter Construction Company as follows:
"I am in receipt of a summons No. 23939, to appear before the Circuit Court of Callaway County on or before the 4th of May. This summons is a *257 charge that Grover C. Clardy has made against you for damage to his farm. I am of the opinion that this matter is sufficiently covered by insurance. Please advise".
To the above letter the Hunter Construction Company promptly replied as follows:
"This will acknowledge receipt of your letter dated April 14, 1950 regarding summons No. 23939 for a charge by Grover C. Clardy against the Hunter Construction Company for damage to his farm. This matter was called to our attention some time back, and we referred it to our insurance company, the Bituminous Casualty Corporation.
"The insurance company in turn has employed lawyers Lauf and Bond of Jefferson City, Missouri, and the case is being handled in the proper manner".
The representative of DeLuxe thereupon placed the summons in the drawer of his desk and took no further action in the matter until his secretary brought to his attention an article appearing in the Jefferson City Post Tribune of June 26, 1950, to the effect that Clardy had been awarded a judgment of $4,700 against the DeLuxe Drive-In-Theaters, Inc. in the Callaway County Circuit Court at Fulton, as damages to his property by use of the machinery in the construction of the theater mentioned, and that the case had been dismissed as to the Hunter Construction Company. The article stated that the Hunter Construction Company was represented in court, but no counsel appeared for the DeLuxe Drive-In-Theaters, Inc., and that the judgment was by default.
One of the attorneys employed by the Bituminous Casualty Corporation to represent the Hunter Construction Company in the Clardy case immediately inquired of a local manager of DeLuxe at Fulton about the suit, relative to what pleadings would be filed and was told that DeLuxe had not been served in the suit, but that the matter would be checked. The attorney testified that he never heard from DeLuxe and had never represented it in the suit in any way, nor was ever requested so to do. That attorney and his associate promptly filed a separate and special appearance in the Clardy case with a separate motion to dismiss as to James O. Hunter and John Rathouz, d/b/a Hunter Construction Company, and a separate general denial in their behalf. The separate motion to dismiss was a plea to the jurisdiction over those defendants, wherein they alleged that the DeLuxe Drive-In-Theaters, Inc. had been joined as a defendant therein "for the sole purpose of compelling defendants James O. Hunter and John Rathouz d/b/a Hunter Construction Company to be subjected to the jurisdiction of this court, and that plaintiff well knows that no cause of action exists against said defendant DeLuxe Drive-In-Theaters, a corporation, with their principal offices in Kansas City, Missouri". The motion stated that the movants were not residents of Callaway County, but were served in Cole County, and no service on them was had in Callaway County, where the plaintiff was a resident; that the Callaway County Circuit Court cannot obtain jurisdiction or venue over the movants by joining the DeLuxe Company, whose principal office is in Kansas City, Missouri, even though it had a local representative in Callaway County.
The separate motion of the Hunter Construction Company to dismiss was not submitted nor argued, but after its attorneys had discussed the motion with Clardy's attorneys, Clardy, on June 3, 1950, dismissed his action as to Hunter, Rathouz, and the Hunter Construction Company. At this time the Hunter attorneys knew that the DeLuxe Drive-In-Theaters, Inc. had filed no pleading in the Clardy case, and they had been told by Clardy's attorneys that Clardy intended to take a default judgment against defendant DeLuxe Drive-In-Theaters, Inc. On the same day, June 3, the Clardy case was accordingly dismissed as to J. O. Hunter and John Rathouz, a copartnership, d/b/a Hunter Construction Company, without prejudice, and a default judgment was taken on that day against the DeLuxe Drive-In-Theaters, Inc. and June 26, 1950 was set as the day to fix and assess the damages therein. Thereafter on June 27, 1950, a hearing was had on the matter of damages. Counsel for *258 Hunter Construction Company was present. The case was taken under advisement and on July 8, 1950, a judgment by default was rendered against the DeLuxe Drive-In-Theaters, Inc. in the amount of $4,700 and costs.
Defendant DeLuxe had no knowledge of any of the above proceedings in the case since receiving the letter of Hunter Construction Company of April 15, 1950, advising it that the Clardy case had been placed in the hands of attorneys for the insurance company and that "the case is being handled in the proper manner", until defendant's secretary brought to its attention the newspaper article of June 26, 1950, in the Jefferson City Post Tribune, stating that a default judgment had been rendered against DeLuxe for $4,700 and the case had been dismissed as to Hunter Construction Company.
Upon learning of the default judgment rendered against it in the Clardy case, DeLuxe immediately engaged counsel who filed various motions with supporting affidavits, seeking to have that judgment set aside, all of which were denied by the court. Thereafter, the judgment against it having become final, DeLuxe effected a compromise of the Clardy judgment for $3,250 and paid the same, in satisfaction and release of the judgment of $4,700, and paid costs therein of $54.85, and incurred and paid attorneys' fees in the sum of $513.05, making a total outlay in that case of $3,817.90, the amount of the counterclaim in the present action.
It was stipulated in the present action that if Hunter Construction Company is entitled to any amount on its petition, it is the sum of $5,906.20, and if DeLuxe is entitled to any amount on its counterclaim it is the amount paid by DeLuxe to satisfy the Clardy judgment, plus costs therein, and that the right also to recover attorneys' fees expended by DeLuxe in the Clardy action be determined by the court. It is the contention of DeLuxe that the court erred in not allowing its counterclaim in the present action. Its theory is that Hunter Construction Company was plainly an independent contractor under its grading contract with DeLuxe; that the liability for the negligence alleged in the Clardy case was solely that of the Hunter Construction Company; that the latter was under an implied contract to indemnify and defend DeLuxe against any damages and expenses accruing on account of the negligent or tortious act of the Hunter Construction Company in the performance of the contract; that the Hunter Construction Company being primarily liable in the Clardy case, had notice and opportunity to defend the same and failing so to do, the judgment is conclusive as against it when paid by DeLuxe, both as to the amount and cause of such damage; that it led DeLuxe to believe and act upon its representations that DeLuxe's interests were being protected in the Clardy case, and it is estopped to deny its duty to indemnify DeLuxe for all loss and damage it suffered by acting and relying upon such statements and representations, and that under the facts and circumstances in evidence the Hunter Construction Company cannot now assert that the defense in the Clardy case by DeLuxe would not have been effective.
The Hunter Construction Company takes the position regarding the counterclaim that no principle of the law of an implied contract to indemnify applies in this case; that DeLuxe knew or should have known, and in fact was told by the insurance agent, that Hunter's insurance policy did not insure DeLuxe, nor include its defense in the Clardy suit; that after being summoned in the Clardy case, DeLuxe laid the summons aside and ignored the process of a court of competent jurisdiction; that the judgment against DeLuxe in the Clardy case was due to its failure to make a defense in good faith; that there is yet no adjudication of the liability of Hunter Construction Company on the Clardy claim, unless DeLuxe's permitting the default is a judicial admission that the Hunter Construction Company did cause the damage; that DeLuxe was a co-defendant with the Hunter Construction Company in the Clardy case, as employer and employee, and DeLuxe as such employer-defendant cannot default and then recover from the defendant-employee upon any theory of *259 implied contract of indemnity. Hunter Construction Company asserts that estoppel in pais does not apply for want of false representations, and even if its letter advising DeLuxe that the case had been turned over to the insurance company and its lawyers were handling it in the proper manner meant that those lawyers were also to look after DeLuxe's interests, still equitable estoppel would not apply in view of the substantial evidence that DeLuxe knew its interests were not to be represented by counsel for the insurance company.
So far as the record shows it is evident that the Hunter Construction Company occupied the relationship of independent contractor in the grading contract with DeLuxe. Accordingly, as between them, DeLuxe was not legally liable for such negligence in the performance of the contract by Hunter Construction Company as alleged in the Clardy case. Skidmore v. Haggard, 341 Mo. 837, 110 S.W.2d 726, 728. Nor can Hunter Construction Company now dispute this, since, in its separate motion in the Clardy case to dismiss as to it, it alleged and took the position in the court that DeLuxe was fraudulently joined in the Clardy case and that "plaintiff (Clardy) well knew that no cause of action exists against said DeLuxe Drive-In-Theaters, a corporation". Neither can it be said that as between Hunter Construction Company and Clardy, the former is not now permanently relieved of all liability to Clardy on his cause of action, since Clardy proceeded to pursue his entire claim against the remaining defendant DeLuxe, obtained judgment therefor and has satisfied that judgment. DeLuxe and Hunter Construction Company were sued by Clardy as joint tort-feasors upon allegations of joint negligence. "The universal rule at common law is that when an injured party has received full satisfaction for his injury, from one wrongdoer, whether the injury was caused by one or more, each of whom may be severally liable, he is barred from further recovery from the other tort-feasors". Hanson v. Norton, 340 Mo. 1012, 1022, 103 S.W.2d 1, 6; Neal v. Curtis Mfg. Co., 328 Mo. 389, 418, 41 S.W.2d 543; 50 C.J.S., Judgments, § 761, page 286. The effect is that as between Hunter Construction Company and DeLuxe, the former, which was not merely primarily liable, but solely liable to Clardy, has effectually escaped that liability and DeLuxe, by default, has suffered judgment therefor and has paid the same.
DeLuxe cannot now sue Hunter Construction Company for contribution to the judgment since no joint judgment was rendered. State ex rel. McClure v. Dinwiddie, 358 Mo. 15, 213 S.W.2d 127; Section 537.060 RSMo 1949, V.A.M.S. The question arises as to whether the present recourse, by separate action, is open to DeLuxe to reimburse itself for the final judgment against it in the Clardy case. In City of Springfield v. Clement, 205 Mo. App. 114, 126, 225 S.W. 120, 125, the court recognized and applied the principle of implied contract to indemnify and stated that rule as follows:
"`A person who, without fault on his own part, has been compelled, by a judgment of a court having jurisdiction, to pay damages occasioned by the negligence of another, is entitled to indemnity from the latter, whether contractual relations exist between them or not; and the right to such indemnity does not depend on the fact that the wrongdoer owed to the property charged with the liability a special or particular duty not to be negligent. The right to indemnity in such cases stands upon the principle that everyone is responsible for the consequences of his negligence; and if another person has been compelled to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him'". Also, in the Springfield case, supra, 205 Mo.App. at page 127, 225 S.W. at page 125, the court quoted with approval the following: "`Whenever several parties are liable to the same obligation, but by the contract from which the liability arises or by the relations between them the primary duty of discharging the obligation rests upon one or more of the number, and the liability of the others is only secondary, if those secondarily liable are compelled to discharge the obligation, they have a right to reimbursement from *260 those primarily liable for the loss which they have incurred. This right may arise from an express contract of indemnity, * * * from common liability for a tort, as to which the party sought to be charged was the one really guilty of fault, while the other, without guilty responsibility has become legally liable to the injured party and has discharged the liability, or from the implied contract arising from any state of facts which makes it the equitable duty, as between themselves, of one to bear the obligation which has been cast upon the other'".
In Busch & Latta Painting Co. v. Woermann Construction Company, 310 Mo. 419, 437, 276 S.W. 614, 619, the Supreme Court referred to the Springfield case as having been reversed on a defect of parties, but said: "The opinion of Judge Sturgis upon the principles mentioned was not disapproved". The court restated the rule, as limited, to be: "In all cases where one party creates the condition which causes the injury, and the other does not join therein, but is exposed to liability, and suffers damages on account of it, the rule that one of two joint tort-feasors cannot maintain an action against the other for indemnity does not apply".
The same principle of law is enunciated in 42 C.J.S., Indemnity, § 21, page 596, and in 27 Am.Juris. page 467, § 18. In applying the above rule where the relation of principal and agent existed and where it was sought to hold the principal liable for injuries to a third person through the negligence of the agent in an action for damages, the Supreme Court in State ex rel. Algiere v. Russell, 359 Mo. 800, 223 S.W. 2d 481, 483, quotes with approval the following principles stated in Restatement of Agency, § 401, as follows: "`Unless he has been authorized to act in the manner in which he acts, the agent who subjects his principal to liability because of a negligent or other wrongful act is himself subject to liability to the principal for the loss which results therefrom. This includes the payment of damages by the principal to the third person, or of a fine to the State in case of a crime. Thus, a servant, who, while acting within the scope of his employment, negligently injures a third person, although personally liable to such person, is also subject to liability to the principal if the principal is thereby required to pay damages'". And, further, the court quoted from the same authority, Section 399, Comment h: "`If the principal notifies the agent to defend and the agent fails to defend, the principal is entitled to expenses thereafter incurred by him in a reasonable defense or compromise of the action. If, after the agent has received such notice, the principal is unsuccessful in the suit and, after a defense in good faith, is required to pay, the issues therein involved are res judicata between them. Whether or not, as between the parties, the agent is responsible, and whether or not the principal has been reasonable in the expenses in such defense are the issues to be determined'".
It would appear that if the principle of implied contract for indemnity obtains where the party seeking indemnity was secondarily liable under the law to a third person for the negligence of another, such as a municipality through constructive notice of a dangerous condition of a side walk caused by the negligent act of an abutting property owner, and in other similar circumstances, then all the more logically would the principle apply where, as here, as between the co-defendants in the Clardy case, the principal or the employer was not liable in any degree for the negligence of its independent contractor. We believe the principle of an implied contract of indemnity applies between the parties to the present action.
However, we do not understand the rule to be that the party claiming indemnity by reason of having been exposed to liability of another without having joined in the latter's wrongdoing, may completely ignore the proceedings of a third party to recover against both parties and, when forced to pay, then seek reimbursement from the other, but must, upon notice of the proceeding defend the action in good faith. State ex rel. Algiere v. Russell, supra. This brings us to the second of the main issues in this case, namely, whether or not DeLuxe, under all the circumstances, did everything *261 to defend itself in the Clardy case as reasonably would be required in the exercise of good faith. DeLuxe in the present action, according to its brief, is not relying upon any right to protection under the policy of insurance issued to the Hunter Construction Company. It admits that the policy on its face limits the insurance company to the protection of the Hunter Construction Company only, but DeLuxe does rely on the implied duty on the part of Hunter Construction Company, under the evidence, to indemnify it against the judgment rendered against DeLuxe on a liability solely that of Hunter Construction Company which DeLuxe has been compelled to pay and satisfy.
Considering the existing relationship between DeLuxe and Hunter Construction Company as that of independent contractor and contractee at the time the Clardy cause of action arose, and the sole liability of the Hunter Construction Company for the negligence claimed in the Clardy case, as between DeLuxe and the Hunter Construction Company, and the fact that DeLuxe promptly communicated with the Hunter Construction Company the fact that summons had been served on DeLuxe in the Clardy case and asking to be advised regarding it, and the reply thereto from the Hunter Construction Company that they already had knowledge of the suit, had reported the same to their insurance company, which had employed lawyers "and the case is being handled in the proper manner", the only reasonable construction of the conduct of the parties to that stage of the proceedings is that the party primarily liable, Hunter Construction Company, in answer to a request of DeLuxe for information, regarding the defense, was assuring DeLuxe that the interests of all parties defendant in the Clardy case were and would be fully protected. Whatever may have been the limit of the liability of the insurance company in the Clardy action, and whatever may have been the limit of the duty of its attorneys whom it employed to represent the Hunter Construction Company, nevertheless, the Hunter Construction Company, itself, having given such assurance, had a duty over and beyond that of the insurance company and its attorneys, namely, to see to it that its contractee was at least informed of and given a reasonable opportunity to defend itself against the inconsistent proceedings in the case whereby its contractee, by default, would alone become, by default judgment, bound to answer for a liability solely that of the Hunter Construction Company, its independent contractor. This duty of the Hunter Construction Company was not fulfilled by stopping short at the accomplishment of its own dismissal, done without any knowledge on the part of DeLuxe. Not only did the Hunter Construction Company thus secure its own dismissal from the joint action, knowing at the time of the intent of Clardy to take a default judgment against DeLuxe, but stood by and witnessed the default judgment to be taken and damages assessed against its contractee DeLuxe without any effort to inform it of any of the aforesaid proceedings, leaving DeLuxe to learn of its judgment liability whenever and however it could.
After accidentally learning of the default judgment through the newspaper article on June 26, DeLuxe immediately employed counsel and made every reasonable effort through motions and supporting affidavits to get the judgment set aside and upon failing to do so, negotiated a substantial compromise of the judgment and satisfied the same, thereby reducing not only its own liability to Clardy on the judgment, but reducing its own present claim against the Hunter Construction Company. It was agreed that attorneys' fees of $513.05 were reasonable, if allowable. Under all the circumstances in evidence, it cannot be said that DeLuxe failed to defend itself in good faith.
It is our conclusion that under the law the Hunter Construction Company is, in this action, liable to DeLuxe under an implied contract of indemnity to reimburse DeLuxe for the amount which it was compelled to pay to satisfy the Clardy judgment, namely $3,259, with costs of $54.85, paid therein, and its attorneys' fees of $513.05, incurred in said suit for damages, a total of $3,817.90. 42 C.J.S., Indemnity, § 24, p. 602.
*262 The judgment for the plaintiffs on their petition is affirmed, and the judgment for the plaintiffs on the counterclaim is reversed, and the cause is remanded with directions to enter judgment for defendant on its counterclaim for $3,250, plus $54.85 costs and $513.05 attorneys' fees incurred and paid by defendant in the case of Clardy v. Hunter, or a total of $3,817.90.
All concur.