STATE of Missouri, at the Relation of
PHELPS COUNTY, Missouri,
Relator,

v.

Haskell HOLMAN, State Auditor of
Missouri, Respondent.

No. 56147.

Supreme Court of Missouri,
En Banc.

Jan. 11, 1971.

Zane H. White, Phelps County Prosecuting Atty., Weldon W. Moore, Philip M. Moomaw, Rolla, for relator.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

This is an original proceeding in mandamus brought by the state at the relation of Phelps County to compel the respondent, the state auditor, to register an issue of county bonds. Under the petition, return and reply, there is no dispute on the facts and the issue is whether the respondent is justified in refusing to register the bonds for the sole reason, as he contends, that the notice of election and the ballot used violate Missouri law in that two distinct propositions were submitted to the voters as to which they were required to vote either for or against, so that they therefore were required either to approve or disapprove both propositions. This is commonly referred to as "doubleness".

For some undisclosed period of years, Phelps County has maintained and operated a public hospital, called Phelps County Memorial Hospital, located in Rolla. In September 1968, the county court was presented with petitions to submit at the November 1968 election the proposition of a bond issue for the expansion of the hospital facilities and a nursing home. The petitions stated that the existing facilities of the hospital were inadequate to meet the demand for acute hospital care in the county; that Medicare and Medicaid were rapidly increasing the need for more facilities; that a proposed addition consisting of an extension of approximately 100 ft. of

three floors of the existing hospital and a non-profit nursing home unit of 60 beds, to be built on the hospital grounds and connected to the hospital by a corridor, would provide special coronary and intensive care units, a physical therapy department, expanded x-ray and laboratory facilities, more beds for acute patient care, expansion of dining room facilities, and help relieve some of the need in the county for nursing home beds; that while an effort was being made to obtain federal funds, the county's priority was low and so the petitioners were asking the court to call an election "for the purpose of increasing the bonded indebtedness of Phelps County and issuing bonds in the amount of $995,000 for the hospital expansion and $350,000 for the nursing home facilities for a total of $1,345,000."

The county court found that the petitions met the requirements of law, that the proposed indebtedness would not exceed legal or constitutional limitations, and ordered the matter to be on the ballot at the November election. In its order, the court refers to "a proposition to incur an indebtedness in the sum of $1,345,000.00 for the purpose of hospital expansion of $995,000.-00 and $350,000.00 for nursing home facilities for a total of $1,345,000.00" and also found "that the object and purpose of which the indebtedness is desired to be incurred are set forth in said petition", referring to the petitions filed with the court.

The published notices of the bond election stated the proposition as follows:

"PROPOSITION

"Shall there be an indebtedness incurred by this Court of Phelps in the State of Missouri, in the sum of $1,345,000.00 to be used for the purpose of hospital expansion of $995,000.00 and $350,000.00 for nursing home facilities for a total of $1,345,000.00".

The ballot used put the proposition as follows:

"SHALL THE FOLLOWING BE ADOPTED:

"Proposition to issue bonds of Phelps County to the amount of One Million, Three Hundred Forty-Five Thousand and No/100 Dollars for the purpose of Hospital expansion in the amount of $995,-000.00 and $350,000.00 for nursing home facilities for a total of $1,345,000.00."

Yes ☐

No ☐

The bond issue carried by a vote of 6,865 to 2,801. The county court then authorized the filing of suit in the Circuit Court of Phelps County for a pro forma decree under Secs. 108.310–108.350, RSMo 1969, V.A.M.S., as to the validity of the bond issue voted in the election and to authorize the issuance of the bonds. The required notice by publication of the time and place when the petition would be presented was made. No one intervened. The only testimony was by stipulation of the administrator of the hospital. The trial court entered a decree holding that the submission was not a double submission but was "one related, integrated and unified proposition", that the laws of the state applicable were complied with and decreed that the bonds in all respects are legal and valid and constitute a binding obligation of Phelps County, Missouri. There was no appeal.

Thereafter, in June 1970, the county court proceeded with an order authorizing the issuance and delivery of the bonds, which were to consist of 269 bonds each in the denomination of $5,000, dated June 1, 1970. Bond No. 1 was presented to respondent auditor for registration under Sec. 108.240, RSMo 1969, V.A.M.S. The auditor refused and this action followed.

Were two separate and distinct propositions submitted as one proposition and voted on jointly? Numerous Missouri decisions condemn doubleness in submissions at elections. It is held to be a kind of legal fraud, because it may compel the voter in order to get what he earnestly wants to vote for something which he does not want, or vice versa.

The subject is discussed and many cases collected in State ex inf. Taylor ex rel. Schwerdt v. Reorganized School District R–3 (Mo.App.) 257 S.W.2d 262, 266–267, where it is said " * * * If the ballot submitted two separate and distinct propositions for the voters to pass judgment upon jointly, the proceeding should be declared void. * * * The test is whether the several parts of the proposition are plainly and naturally so related or connected that, united, they form in fact but one united, rounded whole, and may be logically viewed as parts or aspects of a single plan. If so, or if they are dependent one upon the other, they may be grouped together and submitted as one proposition; if not, and if they have to do with different subjects which are so unrelated and incongruous and their association so artificial as to constitute logrolling and a fraud upon the voter, separate submissions are required. * * * " To the same effect is Meyering v. Miller, 330 Mo. 885, 51 S.W. 2d 65.

■ In the case before us, the proposed hospital enlargement and construction of the nursing home was to take place on the existing hospital grounds, although this does not appear one way or the other in the notice of election or in the ballot. We are aware that in these times a hospital in an area of the location and population size of Phelps County and a nursing home (which, generally speaking, in the main is for the aging) are rather closely and naturally related. Geriatrics is a branch of medicine and in these days medical care is closely connected to the hospital. The proposed nursing home is for the public, as is Phelps County Memorial Hospital, and it is entirely logical and reasonable for the two to be connected and operated together. Elderly patients who need nursing care and occasionally need the services of the hospital might, absent a nursing home, have to remain in the hospital and thus deny a hospital bed to a hospital case, whereas if a nursing home in connection with the hospital were available the elderly patient could just as well be taken care of in the nursing home and make the bed he would otherwise be occupying in the hospital available for a patient acutely in need of hospital care. While these considerations cannot be spelled out in the notice of the election or in the ballot, they are matters which can fairly be said to have been in the reasonable contemplation and notice of the voter and fairly enter into determination of the question of whether he was presented with a ballot which violated the rule against doubleness.

Finally, we observe that the legislature in Sec. 205.375, RSMo 1969, V.A.M.S., the section which authorizes county courts to issue bonds for the construction and equipment of nursing homes, has seen fit to set forth a definition of the term "nursing home". The term is defined to mean " * * * a facility for the accommodation of convalescents or other persons who are not acutely ill and not in need of hospital care, but who require skilled nursing care and related medical services (1) *Which is operated in connection with a hospital. * * * "* (emphasis ours).

Thus, the two parts of the proposition put to the voters—namely, to authorize a bond issue of $1,345,000 of which $995,000 was to be spent for hospital expansion and $350,000 to be spent for nursing home facilities—do "form in fact but one united, rounded whole, and may be logically viewed as parts or aspects of a single plan".

■ For these reasons we hold that the proposition was not subject to the vice of doubleness and that respondent is not entitled on that ground to refuse to perform his statutory duty of registering bonds which have been issued in compliance with the provisions of law.

Another question is raised in the briefs about whether by virtue of the unappealed from pro forma decree the state auditor is left with no choice in the matter, cannot question their validity, and must proceed to register the bonds, but under our view of

the issue as to whether the proposition was or was not double, there is no need to reach this point.

Alternative writ ordered made peremptory.

All of the Judges concur.