The Honorable Dale Whiteside Representative, District 11 State Capitol Building, Room 102B-A Jefferson City, Missouri 65101
Dear Representative Whiteside:
This opinion is in response to your question asking:
 Can a school district vote on an annexation to another district and on a tax levy increase at the same election?
From the material accompanying your opinion request, we understand that a school district wishes to vote on annexation to another district. In the event the vote on annexation fails, the district desires a tax levy increase. To save time and the expense of two elections, the district wants to place both questions on the ballot in the same election. We presume that the school district wishing to vote on annexation and the school district to which annexation is proposed are both six-director school districts.
Section 162.441, RSMo 1986, provides for the question of annexation to be submitted to the voters.
 162.441. Annexation — procedure — form of ballot. — 1. If any school district which adjoins a six-director district, including urban districts, desires to be attached thereto for school purposes, upon the receipt of a petition setting forth such fact, signed either by voters of the district equal in number to ten percent of those voting in the last school election at which school board members were elected or by a majority of the voters of the district, whichever is the lesser, the school board of the district desiring to be so attached shall submit the question to the voters; except that in districts wholly, or partially, within cities having three hundred thousand to seven hundred thousand inhabitants, the petition seeking attachment to an adjoining district, or to any high school district in the county as hereinafter in this section provided, for school purposes shall be signed by at least ten percent of the voters of the districts.
 2. The question shall be submitted in substantially the following form:
 Shall the . . . . . . school district be annexed to the . . . . . . school district?
 3. If a majority of the votes cast favor annexation, the secretary shall certify the fact, with a copy of the record, to the board of the district and to the board of the district to which annexation is proposed; whereupon the board of the six-director district to which annexation is proposed shall meet to consider the advisability of receiving the district and if a majority of all the members of the board favor annexation, the boundary lines of the six-director school district from that date shall be changed to include the district, and the board shall immediately notify the secretary of the district which has been annexed of its action.
 4. Upon annexation, all property and money on hand belonging thereto shall immediately pass into the possession of the board of the six-director school district.
 5. If a majority of the votes cast are against annexation, the question shall not be submitted within two years after the previous submission.
 6. Any school district may annex to any high school district in the county in the manner provided by this section if, prior to the time the question is submitted to the voters of the district, the annexation is approved in writing by the state board of education.
Sections 164.021 and 164.031, RSMo 1986, explain the procedure for submitting to the voters the question of whether the rate of taxation shall be increased.
 164.021. Excess levy, procedure. — 1. Whenever it becomes necessary, in the judgment of the school board of any school district in the state, to increase the tax rate beyond the rate authorized by the constitution for district purposes without voter approval plus the last tax rate approved by the voters for school purposes, or when voters of the district equal in number to ten percent or more of the number of votes cast for the member of the school board receiving the greatest number of votes cast at the last school election in the district wherein board members were elected, petition the board, in writing, for an increase in the tax rate, the board shall determine the rate of taxation necessary to be levied in excess of the existing rate and submit the proposition as to whether the rate of taxation shall be increased by the board to the voters of the district. The proposal may be submitted at an election.
 2. If the necessary majority of the voters voting thereon, as required by article X, section 11(c), of the constitution, favor the proposed increase, the result of vote, including the rate of taxation so voted, shall be certified by the clerk of the district to the clerk of the commission of the proper county or counties, who, on receipt thereof, shall assess the amount so certified, effective as of September twentieth next following, against all taxable property of the school district as provided by law. In metropolitan districts the certification shall be made by the secretary of the board as required by law.
 164.031. Form of ballot. — The question shall be submitted in substantially the following form:
 Shall the school board of . . . . . . (name of district) be authorized to increase the tax levy for . . . . . . (list purpose or purposes) by . . . . . . (amount of increase) on one hundred dollars assessed valuation? If this proposition is approved by the voters, the total operating levy of the school district will be . . . . . . (amount) per one hundred dollars of assessed valuation.
We find no authority which would expressly prohibit submission of the two questions in the same election. In Attorney General Opinion No. 39, Henry, April 12, 1951, a copy of which is enclosed, this office concluded that a school district could not vote to be annexed to either one or the other of two consolidated school districts at the same election. However, in the situation presented in that opinion, submitting such an alternative choice required deviation from the ballot form provided by statute as well as possibly resulting in no choice receiving a majority if, for example, 68 votes were cast of which 22 voted for annexation to one school district, 26 voted for annexation to the other school district, and 20 voted against annexation. Id. at 3. The situation presented in that opinion differs significantly from the situation about which you are concerned.
In the situation about which you are concerned, the two questions to be submitted to the voters do not present an alternate choice. Approval of annexation by the voters would not immediately complete the annexation process. Section162.441.3, RSMo 1986, provides that if a majority of votes cast favor annexation, the board of the district "to which annexation is proposed shall meet to consider the advisability of receiving the district . . . ." The boundary lines of the receiving district would be changed to include the district to be annexed only after a vote in favor of annexation is cast by a majority of all members of the receiving district board.
 Although the section does not specify the length of time within which the board in the annexing district must act the law would supply the deficiency and require the board of directors to meet within a reasonable length of time to consider the advisability of accepting the released territory, so that no extended hiatus would occur in any event between the action of one board and the action of the other. In the meantime the original district in which the vote took place would be obligated to continue to maintain the schools, so that the provision of educational facilities would not be interrupted. [Emphasis added.]
State at inf. Taylor ex rel. Schwerdt v. Reorganized SchoolDistrict R-3, Warren County, 257 S.W.2d 262, 266 (St. L. App. 1953). In Attorney General Opinion No. 157, Lance, 1965, a copy of which is enclosed, this office concluded that nine months was not, as a matter of law, an unreasonable length of time for a receiving school district to act on the annexation. The original school district is responsible for continuing to maintain the schools until the annexation is complete. Therefore, even if the annexation is approved by the voters, the tax levy increase may be necessary to maintain the schools until the annexation is complete.
In summary, there is no express prohibition on submitting the annexation question and the tax levy increase question at the same election. The two questions are not impermissible alternatives such as discussed in Attorney General Opinion No. 39, Henry, April 12, 1951.
CONCLUSION
It is the opinion of this office that a six-director school district can submit to its voters at the same election the question of annexation as provided in Section 162.441, RSMo 1986, and the question of a tax rate increase pursuant to Sections 164.021 and 164.031, RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 157, Lance, 1965 Opinion No. 39, Henry, April 12, 1951