Cristy Baker-Neel Scott County Prosecuting Attorney P. O. Box 160 Benton, MO 63736
Dear Prosecutor Baker-Neel:
This opinion is in response to your questions asking:
 1. Can a single Capital Improvements Sales Tax be imposed pursuant to Section 67.700, RSMo, to fund multiple capital improvements if the tax imposed by the County Commission and approved by the voters specifies each of the capital improvements to be funded by the tax?
 2. If so, must the ballot for submitting the tax to the voters for their approval pursuant to Section 67.700, RSMo, reference the percentages of tax revenue which will be used for each particular capital improvement?
With regard to your questions, you state: "The Scott County Commission would propose that the proceeds from the sales tax be utilized to fund three (3) badly needed capital improvements within the County. These improvements would include repairs to the Scott County Courthouse, improvement of roads and bridges in the county and construction of a new jail facility." You also state there is no capital improvements sales tax currently being imposed by Scott County. Scott County is a third class county.
Section 67.700, RSMo 1994, authorizes the county sales tax about which you inquire. Such section provides in relevant part:
 67.700. Sales tax for capital improvements may be imposed in certain counties, procedure — use of revenue — tax effective when — brackets to be established — rate of tax — sales tax revenue collected, defined. — 1. Any county, as defined in section 67.724, may, by ordinance or order, impose a sales tax on all retail sales made in such county which are subject to taxation under the provisions of sections 144.010 to 144.525, RSMo, for any capital improvement purpose designated by the county in its ballot of submission to its voters; provided, however, that no ordinance or order enacted pursuant to the authority granted by sections 67.700 to 67.727 shall be effective unless the governing body of the county submits to the voters of the county, at a county or state general, primary, or special election, a proposal to authorize the governing body of the county to impose a tax under the provisions of sections 67.700 to 67.727. The tax authorized by this section shall be in addition to any and all other sales taxes allowed by law.
 2. The ballot of submission shall contain, but need not be limited to, the following language:
 Shall the county of . . . . . (county's name) impose a countywide sales tax at the rate of . . . . . (insert amount) for a period of . . . . . (insert number) years from the date on which such tax is first imposed for the purpose of . . . . (insert capital improvement purpose)?
[ ] YES [ ] NO
 If you are in favor of the question, place an "X" in the box opposite "YES". If you are opposed to the question, place an "X" in the box opposite "NO".
 If a majority of the votes cast on the proposal by the qualified voters voting thereon are in favor of the proposal, then the ordinance or order and any amendments thereto shall be in effect. If a majority of the votes cast by the qualified voters voting are opposed to the proposal, then the governing body of the county shall have no power to impose the sales tax authorized by sections 67.700 to 67.727 unless and until the governing body of the county shall again have submitted another proposal to authorize it to impose the sales tax under the provisions of sections 67.700 to 67.727
and such proposal is approved by a majority of the qualified voters voting thereon.
 3. All revenue received by a county from the tax authorized by sections 67.700 to 67.727 which has been designated for a certain capital improvement purpose shall be deposited in a special trust fund and shall be used solely for such designated purpose. Upon the expiration of the period of years approved by the voters under subsection 2 of this section or if the tax authorized by sections 67.700 to 67.727 is repealed under section 67.721, all funds remaining in the special trust fund shall continue to be used solely for such designated capital improvement purpose. Any funds in such special trust fund which are not needed for current expenditures may be invested by the governing body in accordance with applicable laws relating to the investment of other county funds.
 4. The sales tax may be imposed at a rate of one-fourth of one percent, three-eighths of one percent, or one-half of one percent on the receipts from the sale at retail of all tangible personal property or taxable services at retail within the county adopting such tax, if such property and services are subject to taxation by the state of Missouri under the provisions of sections 144.010 to 144.525, RSMo. [Emphasis added.]
* * *
We first address whether the ballot proposition may enumerate only one capital improvement purpose or may list several capital improvement purposes. Throughout Section 67.700, when referring to the use of the sales tax revenue, the section refers to the singular "purpose"; "any capital improvement purpose" (subsection 1 of Section 67.700), the form of ballot refers to "for the purpose" and "capital improvement purpose" (subsection 2), and the proceeds of the sales tax are restricted "for a certain capital improvement purpose" and "solely for such designated purpose" (subsection 3). In determining the legislature's intent, we must examine the words used in the statute and the context in which the words are used. Wilson v. Director of Revenue, 873 S.W.2d 328,329 (Mo.App. E.D. 1994). Considering the words used in the statute and their context, we conclude that the voters should be permitted to approve or disapprove a capital improvements sales tax for a specific purpose.[1]
"It has long been the law of Missouri that doubleness in propositions submitted to voters . . . is to be condemned to prevent the yoking together of distinct things to the end that the two combined may attract a majority of the voters when neither separately might be able to do so." Henkel v. City of Pevely,504 S.W.2d 141, 146 (Mo.App. 1973). "But not every proposition which contains multiple submissions is to be condemned." Id. at 147. "The test whether there is presented a single or multiple proposition is whether or not there exists a natural relationship between the objects united in one proposition and whether or not the several projects are so related that united they form in fact one rounded whole." Id. Cases relating to what constitutes a single purpose are summarized in State at Inf. Taylor ex rel.Schwerdt v. Reorganized School District R-3, Warren County,257 S.W.2d 262, 267 (Mo.App. 1953):
 The submission of propositions containing more than one project has been approved in a number of cases. The typical situation is a proposition to issue bonds. The following submissions of bond issues have been held to be single and therefore permissible: to erect and furnish two school buildings, one on one site and one on another, [citation omitted]; to erect and construct athletic field bleachers, a 16 room high school building and a 4 room elementary school, Kellams v. Compton, supra, [206 S.W.2d 498 (Mo. 1947)]; to construct, maintain and operate or purchase an electric light plant, [citation omitted]; to purchase schoolhouse sites, erect schoolhouses and furnish the same, and building additions to and repair old buildings, [citation omitted]; . . . to build new buildings and additional buildings, [citation omitted]; to build a courthouse, to equip and furnish it and to purchase more ground if more ground were needed for a suitable site, [citation omitted]; to build a schoolhouse in the first ward and furnish the same and to build an addition to and improve the schoolhouse in the second ward, [citation omitted]. . . . In these cases, as in cases wherein the several propositions contained in a single submission were interdependent [citation omitted], it is held that the rule prohibiting doubleness is not violated.
In addition to the cases summarized above, in State ex rel. PhelpsCounty v. Holman, 461 S.W.2d 689 (Mo. banc 1971), the Missouri Supreme Court considered a ballot proposition for a county bond issue of $1,345,000, with $995,000 for hospital expansion and $350,000 for a nursing home facility. The court found the hospital and nursing home facility to be rather closely and naturally related and held the ballot proposition was not subject to the vice of doubleness in submissions at elections.
The three projects about which you are concerned are repairs to the courthouse, construction of a new jail facility and improvements to roads and bridges. In comparing these projects to the projects considered in the cases summarized above, we conclude that repairs to the courthouse and construction of a new jail facility constitute a single capital improvement purpose. Both relate to the construction and repair of county buildings. Such conclusion is consistent with the cases above, particularlyKellams v. Compton, supra, where erecting and constructing athletic field bleachers could be combined with erecting and constructing a high school building and elementary school andState ex rel. Phelps County v. Holman, supra, where expanding the county hospital could be combined with building a county nursing home facility.
We conclude that improvements to roads and bridges may not be combined with repairs to the courthouse and construction of a new jail facility. Improvements to roads and bridges is not naturally related or connected with the other two projects. Combining improvements to roads and bridges with the other two projects would result in "doubleness" in submissions at elections which is universally condemned. A voter, in order to get what he earnestly wants, may be forced to vote for something which such voter does not want.
Having concluded that the project for improvements to roads and bridges must be a separate proposition from the projects for repairs to the courthouse and construction of a new jail facility, we turn to the form of ballot. Section 67.700.4 provides the capital improvements sales tax may be imposed at a rate of one-fourth of one percent, three-eighths of one percent, or one-half of one percent. The maximum sales tax rate for capital improvements cannot exceed one-half of one percent under Section67.700.4.[2] However, there is no statutory prohibition on submitting two propositions to the voters for capital improvements sales tax where the total sales tax does not exceed one-half of one percent. See Opinion No. 61-89, a copy of which is enclosed, where this office concluded the maximum county sales tax rate under Section 67.547, RSMo, could be imposed by voter approval at two separate elections. For example, one proposition to impose a sales tax rate of one-fourth of one percent for X years for improvements to roads and bridges could be submitted to the voters and a second proposition to impose a sales tax rate of one-fourth of one percent for Y years for repairs to the courthouse and construction of a new jail facility could be submitted. The voters could approve both propositions, one proposition or neither proposition. If both propositions were approved by the voters, a sales tax rate of one-half of one percent would be imposed initially.[3] If only one of the two propositions was approved by the voters, then the capital improvements sales tax would be imposed at the rate of one-fourth of one percent for the number of years specified in the proposition.
 CONCLUSION
It is the opinion of this office with regard to the capital improvements sales tax authorized by Section 67.700, RSMo 1994, 1) a proposition to authorize the tax for the purpose of improvements to roads and bridges should be voted on separately from a proposition to authorize the tax for the purpose of repairs to the courthouse and construction of a new jail facility, and 2) both propositions may be submitted to the voters where the total capital improvements sales tax rate does not exceed one-half of one percent.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure
[1] We are not unaware of Section 1.030, RSMo 1994, indicating that in legislative enactments, the singular may be taken as including the plural. However, in the context of Section67.700, we conclude the legislature intended the voters have an opportunity to express their approval or disapproval on a sales tax for a specific capital improvement purpose.
[2] We are aware of a circuit court decision holding there is no limit on the total capital improvements sales tax rate as long as each proposition provides for a sales tax rate of one-fourth of one percent, three-eights of one percent, or one-half of one percent. There is no reported appeal of the circuit court decision. With due respect to the circuit court, we disagree with the circuit court decision.
[3] If the length of the sales tax under the first proposition was shorter than the length of the sales tax under the second proposition, the rate would fall to one-fourth of one percent for those years after the expiration of the sales tax under the first proposition but before the expiration of the sales tax under the second proposition. For example, if one proposition authorized the sales tax for 3 years and the second proposition authorized the sales tax for 5 years, during the fourth and fifth years, the rate would fall to one-fourth of one percent.